HARDY, Judge.
This is a suit by plaintiff insurance company as subrogee of Mrs. Glinness Walden for the recovery of the sum of $1,500 paid out as the loss under a policy of insurance. The defendant is the Succession of E. C. (Clyde) Leone, Jr., deceased, whose negli-. gence allegedly occasioned the loss.
The suit is based upon the claim that decedent, Clyde Leone, at or about 10:00 o’clock P. M. on the night of May 6, 1950, drove his car off of highway No. 171 at a curve north of and near the town of Zwolle, Sabine Parish, Louisiana; that said automobile crashed into the side of the dwelling ■house owned by the insured, Mrs. Glinness Walden, with such force as to cause serious damage, which damage is estimated to have been in excess of the amount of $1,500. Petitioner further alleges that it paid the sum of $1,500, which was the maximum amount of loss under the policy in question, to the insured, Mrs. Glinness Walden. Plaintiff seeks recovery from the Succession of decedent, alleging that the loss was occasioned by the negligent and careless acts of decedent.
After trial there was judgment in favor of plaintiff in the sum of $75, from which *841 judgment plaintiff has appealed. On appeal defendant in brief seeks rejection of the demands of plaintiff in their entirety and, in the alternative, the affirmance of the judgment. No answer to the appeal was filed.
The first point here involved, which we think may be easily resolved, bears upon the liability of decedent. The record amply supports the contention' that at the time of the accident decedent was driving at a high rate of speed on a curve and in attempting to avoid collision with an animal crossing the highway he lost control of his car, which left the highway, tore through two fences and crashed into the side of the Walden home, which was located some 20 or 25 feet from the highway right-of-way.
The only other fact which appears to be established without dispute is that plaintiff, the insurer, paid Mrs. Walden, the insured, the sum of $1,500, which was the maximum amount of coverage under the policy in effect, and, as a consequence, was subro-gated to the rights of its insured.
Defendant contended upon trial, despite the fact that the sum of $1,500 was paid to the insured, that the cost of repairs only amounted to $75, and it is about this contention that there develops the conflict of testimony which must be resolved in order to reach a conclusion.
The testimony as to the actual damage to the house is vague and uncertain. Careful examination of the record on this point indicates nothing more with respect to the actual damage than that the house was knocked off of its blocks and it would appear that the only repair necessary was the restoration of the house to its foundation blocks.
In support of its claim for the recovery of the sum of $1,500 alleged to be the measure of damages, plaintiff introduced two estimates, by contractors of the vicinity, for repairs to the house, which estimates came to the sums of $1,750 and $2,160 respectively. We are unimpressed with the pertinence and weight of these estimates in view of the fact that each of them contemplated the demolishing and re-building of the house. The testimony does-not in any degree support the necessity for demolishing and rebuilding of the structure as the result of damages caused by the accident, and, on the contrary, as we have above observed, the only testimony of damage is with respect to the displacement of the house from its foundation blocks.
In further support of its contentions plaintiff introduced an unwitnessed receipt in which J. M. Quarles acknowledged the payment by A. G. Walden of the sum of $1,500 for “remodeling house tore up by Clyde Leone.” Quarles was the carpenter who actually undertook and completed the necessary repairs to the house with the aid of two helpers. He admits his signature to the receipt but denies that he ever received $1,500 and, on the contrary, contends that he was paid the total sum of $75 for the work of himself and his helpers in repairing the damage to the house. Quarles and one Ezernack, who appeared to have been in partnership with him, testified that they and the third man worked a total of fifteen hours in effecting the repairs; that Quarles and Ezernack split the $75 equally and each paid $4, out of his share, to the helper.
In combating these claims Mr. and Mrs. Walden testified that Quarles, Ezernack and .the helper worked for a week in repairing the house and that thereafter Walden himself expended some substantial amount of labor in addition to the purchase of materials in making repairs. These witnesses also testify that Quarles was actually paid $1,500, which money, according to Walden, was cash which he was keeping in a lock box in'his home.
We confess it is impossible to reconcile the conflicting and contradictory testimony in the instant case. The District Judge who heard the witnesses and who later, according to his written opinion, made an examination of the locus in quo, resolved the controversy against the claims of plaintiff and we cannot perceive any manifest error in his conclusions. Certainly plaintiff has failed to satisfactorily establish actual damage to' the extent claimed and, *842 in the condition of the record, the only-basis for the fixing of damage must rest upon the. amount paid for its repair. The weight of the testimony supports the contention that this amount was $75.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost.